**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **WILLIAM MARTINEZ,** | |
| **Petitioner,** | **MEMORANDUM DECISION AND ORDER** |
| **vs.** | |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | **Case No.  2:09CV36 DAK** |

       This matter is before the court on pro se Petitioner William Martinez's ("Petitioner") pro se  Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.   Petitioner pled guilty to one count of possession with intent to distribute 50 grams or more of pure or actual methamphetamine.   In his plea agreement, he acknowledged that the mandatory minimum sentence would be ten years and that he could face up to life in prison.   In his plea agreement, he also agreed to knowingly, voluntarily, and expressly waive "my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion . . . including but not limited to a motion brought under 28 U.S.C. § 2255."   Petitioner was then sentenced on August 27, 2007 to 120 months imprisonment, followed by five years of supervised release.

       Despite his agreement not to do so, Mr. Martinez subsequently appealed his sentence. His counsel, however, filed an *Anders* brief and moved to withdraw as counsel.   Mr. Martinez

filed a *pro se* response, contending that he did not knowingly and voluntarily plead guilty because the district court did not advise him of the maximum sentence for his crime, that his sentence is unconstitutional because the district court sentenced him based on an amount of drugs not alleged in the indictment, and that he received ineffective assistance of counsel.

The Tenth Circuit concluded that there were no meritorious issues for appeal, and then granted counsel's motion to withdraw and dismissed the appeal.   In so finding, the Tenth Circuit found that Mr. Martinez had acknowledged that his crime carried a mandatory minimum sentence of ten years.   The Tenth Circuit also recognized that Mr. Martinez's total offense level and criminal history category produced a proposed Guideline sentencing range of 121 to 151 months imprisonment, but that the district court sentenced him only to the mandatory minimum sentence of 120 months.

After thoroughly examining the record, the Tenth Circuit more specifically concluded that (1) there was no evidence to indicate that Mr. Martinez's guilty plead and plea agreement were not voluntary, knowing, and intelligent; (2) that Mr. Martinez had admitted that he delivered approximately one pound of methamphetamine, of which 185.8 grams were actual methamphetamine; and (3) that the district court did not use the 185.8 grams to increase Mr. Martinez's sentence–and in fact gave him the lowest possible sentence available under the statute listed in the indictment, thus rendering any use of 185.8 grams in the Guideline range calculation as harmless because it did not affect his ultimate sentence.

The Tenth Circuit declined to address Mr. Martinez's ineffective assistance of counsel claim, however, because such a claim is most properly brought in a collateral proceeding.

In the instant Petition, Mr. Martinez challenges his sentence primarily based on an ineffective assistance of counsel claim.  Specifically, he claims that his counsel failed to object to the total offense level and criminal history category; failed to bring to light information about methamphetamine; and "failed to provide appellate issues with merit."   Although Petitioner's other claims and arguments are difficult to decipher, he also appears to assert that he never reviewed his Pre-Sentence Report; that he not bilingual and that English is his first language and Spanish is his second language;[1] that his counsel was not bilingual; that the court interpreter was ineffective; that a preponderance fo the evidence was unreasonably introduced; and that phone eavesdropping by local police was unconstitutional.    He also claims that there was an unlawful search and seizure.   Mr. Martinez claims that he did not raise these issues on appeal because his counsel was ineffective.   Mr. Martinez then also asserts that his plea was unknowing and involuntary.

The court finds no merit to Petitioner's arguments.  His claim pertaining to the involuntariness of his plea has already been addressed by the Tenth Circuit, and thus Petitioner may not raise them again in a § 2255 petition. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Cook*, 997 F.2d 1312, 1328 n.6 (10th Cir. 1993); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *United States v. Kraemer*, 810 F.2d 173, 177 (10th Cir. 1987) (per curium) ("Appellant cannot raise the same issues in a § 2255 petition that have been decided on direct appeal.")   As discussed above, the Tenth Circuit concluded that there was no merit to such an argument.  Moreover, aside from Mr. Martinez's ineffective assistance of counsel claim, his other claims are precluded because of his failure to raise them in his first

---

[1]  Petitioner presumably means that Spanish is his first language and English is his second language.

appeal.   If an issue is not raised on direct appeal, the petitioner "is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).   Petitioner has not established either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice.

Finally, the court finds no merit to Petitioner's ineffective assistance of counsel claim. To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).   Petitioner has not satisfied either of these prongs.   Petitioner has not demonstrated–and there is no basis in the record for concluding–that his counsel's representation was constitutionally deficient or prejudicial.   Several of the issues that Petitioner contends were prejudicial have been thoroughly analyzed–and rejected–by the Tenth Circuit. Indeed, the Tenth Circuit agreed with Petitioner's counsel that there were no meritorious issues on appeal.

It is unclear what Petitioner believes his counsel did–or failed to do–that prejudiced him. As discussed by the Tenth Circuit, the district court would have been well within its authority to sentence Petitioner up to 31 additional months beyond the 120-month sentence, but the district court declined to do so.   The district court did not base Petitioner's sentence on the 185.5 grams of actual methamphetamine.

In light of (1) Petitioner's knowing and voluntary plea of guilty, (2) his knowledge that he could potentially face life in prison–and that there was a minimum mandatory sentence of 120 months, (3) Petitioner's failure to appeal many of the issues currently set forth; (4) the fact that the court did not increase his sentence based on the 185.8 grams of actual methamphetamine, (4) the fact that Petitioner received a below-the-Guidelines sentence, (5) the fact that Petitioner waived any right to appeal his sentence in his plea agreement, the court concludes that there is no evidence whatsoever that the representation given to Mr. Martinez was constitutionally deficient or prejudicial.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED, and this case is now closed.

DATED this 26th day of February, 2009.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

5